ALEXANDER *vs.* THE MAYOR, ETC., OF AMERICUS.

That a contract with plaintiff for the working of the streets of Americus for one year was made, that he worked them properly, and that

he was discharged before the expiration of the year, makes a *prima facie* case; it was error to award a non-suit, although it appeared that he was paid up to the time of his discharge, and that the employer reserved the right to "judge of the faithfulness and sufficiency of said contractor and the hands he may have employed."

Master and servant. Contracts. Damages. Non-suit. Before Judge CRISP. Sumter Superior Court. April Adjourned Term, 1878.

Reported in the decision.

HAWKINS & HAWKINS; GUERRY & SON, for plaintiff in error.

N. A. SMITH, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant to recover damages for wrongfully discharging him from its employment, as superintendent, and to work the defendant's streets for the year 1874, under a contract made with him. On the trial of the case, after the plaintiff had closed his evidence, the defendant made a motion to non-suit the plaintiff's action, which motion the court granted and the plaintiff excepted.

It appears from the evidence in the record, that the contract made by the defendant with the plaintiff was for the term of one year, and that he was discharged about the 10th of August of that year. The plaintiff proposed to prove at the trial that he worked the streets properly and in accordance with his contract, when counsel for defendant admitted that plaintiff did work the streets properly and in accordance with his contract, and it also appears that the defendant paid the plaintiff for his services as stipulated in the contract, up to the time of his discharge.

It is true that it was stipulated in the contract that "the street committee shall judge of the faithfulness and sufficiency of said contractor and the hands he may have em-

ployed," but that did not authorize the defendant to *captiously* discharge him before the expiration of the year, when he had worked the defendant's streets properly and in accordance with his contract; that contract was for one year, and if the defendant deprived him of the benefit of it for any portion of the year without any fault on his part, then he was entitled to recover such damages as he may have sustained in consequence of such deprivation. This was a motion for a non-suit on a demurrer to the plaintiff's evidence, and the rule is that in such cases the motion for a non-suit will be overruled where the jury might have inferred facts from the evidence which would support the action. *Biggers vs. Pace*, 5th *Ga.*, 172. In view of the evidence contained in the record, the jury might have inferred such facts therefrom as would have entitled the plaintiff to a verdict, and it was error in not allowing the jury to pass upon it.

Let the judgment of the court below be reversed.