JOHNSON *vs.* THE STATE OF GEORGIA.*

1. From the preliminary examination of the child of six years of age, on whom a rape was alleged to have been committed in this case, it does not appear that she sufficiently understood the obligation of an oath or the punishment the law imposed upon its violation, or that she had the slightest conception of any future, much less of any future punishment for perjury or other bad conduct in this life, so as to have made her a competent witness. Possibly, on a second trial, as she advances in age and moral training, she may better understand these obligations and penalties, and may become competent.

2. The confessions made by the prisoner to Jordan in the presence of his wife were not voluntary confessions, free from fear, and were not admissible. Where Jordan told the prisoner, that if he did not confess to him, he would have to confess to a justice of the peace, it was equivalent to telling him that, unless he confessed, he would be arrested and taken before a justice of the peace and tried for the offense, and this being done in the presence of the mother of the child charged to have been ravished, and who was accusing the defendant of the crime, such a confession does not appear not to have been induced by the slightest hope of benefit or remotest fear of injury. Code, §3793

Judgment reversed.

November 3, 1885.

JACKSON, Chief Justice.

[Joe Johnson was indicted for rape committed on a child under ten years of age, and was convicted. He moved for a new trial, on the following among other grounds:

(1.) Because the court permitted the child, on whom the crime was alleged to have been committed, to testify, over defendant's objections, on the ground that she was of

---

*No full reports or opinions are published in this and the following cases, under the provisions of the Act of March 2, 1875.

tender years and did not understand the nature of an oath.
(The preliminary examination was as follows:

By the court:

Question. "Do you know what you are about to do now? Do you
know what it is to get up in the court-house and swear? Do you
swear to tell the truth or to tell a falsehood?"

Answer. "Tell the truth."

Q. "If you were to tell a falsehood, what would be the consequen-
ces to you? Any law against it? Would you be punished?"

A. "Yes, sir.'

Q. "Would you be punished hereafter if you were to get up here and
swear to a falsehood? What becomes of little children that tell lies
and falsehoods—do they go to heaven or a worse place? Have you
never been taught anything about that?"

A. "No, sir."

Q. "You say that you would be punished if you told a lie; how
would you be punished?"

A. "I don't know."

Q. "Is it right to tell the truth or to tell a lie?"

A. "To tell the truth."

By the defendant's counsel:

Q. "What is your name?"

A. "Olie Leverett."

Q. "Has not your mother been talking to you about what answer
you should make in case you were asked these questions that the
judge has asked you? What did she tell you?"

A. "To tell the truth."

Q. "Did she not tell you that when the judge or the court asked you
if it was any harm to tell stories, to say yes?"

A. "Yes, sir."

Q. "Did she tell you that if you were asked whether, if you were to
tell stories, you would be punished, to say yes?"

A. "Yes, sir."

Q. "Your mother told you all that?"

A. "Yes, sir."

Q. "You say you are how old?"

A. "Six years old."

Q. "Just six years old?"

A. "Yes, sir."

Q. "Do you know what swearing in the court-house means?"

A. "No, sir."

Q. "You don't know whether the law punishes you or not if you
swear falsely?"

Johnson *vs.* The State of Georgia.

A. "No, sir."

Q. "You don't know anything about an oath, or do you?"

A. "No, sir."

Q. "You don't know what it means?"

A. "No, sir."

By the solicitor general:

Q. "If you come into the court-house and put your hand upon that Bible and swear, what must you tell, the truth or a lie?"

A. "Tell the truth."

Q. "What do you intend now to tell?"

A. "The truth."

Q. "If you tell a lie, what will become of you when you die?"

A. "I don't know."

Q. "You don't know?'

A. "No, sir."

Q. "You know you must tell the truth?"

A. "Yes, sir."

By the court:

Q. "What is your name?"

A. "Olie Leverett."

Q. "Who made you—do you know?"

A. "No, sir."

Q. "Don't you know God made you?"

A. "Yes, sir."

Q. "Did you never hear about that?"

A. "No, sir."

Q. "Did you never hear about the old bad man?"

A. "No, sir."

Q. "That gets bad children and burns them up?"

A. "Yes, sir."

Q. "Did you never hear about that?"

A. "Yes, sir."

Q. "When they tell lies?"

A. "Yes, sir."

Q. "Did you never hear about people going to the penitentiary or to jail for telling lies?"

A. "No, sir."

Q. "Don't you know that, if you were to tell a lie, and a man were hung on your evidence, that you would be hung, too?"

A. "Yes, sir."

Q. "Which is the proper thing for you to do, to tell the truth or to tell a lie?"

A. "To tell the truth."

Q. "Which is it right to tell, the truth or a lie?"

A. "I don't know, sir."

Q. "Do you know that there is any difference between telling the truth outside of the court-house and inside of the court-house?"

A. "No, sir."

Q. "Suppose that you lay your right hand upon that book and swear that you will tell the truth, and call God to witness that you tell the truth, and then tell a lie, don't you know that you would be punished for it, when you would not be punished for talking outside and not telling the truth?"

A. "No, sir."

The court permitted the witness to testify.)

(2.) Because the court allowed Jordan, a witness for the state, to testify as to confessions of the defendant.—The objection was that the confession was not voluntarily made. (Jordan testified that he, in company with the mother of the child alleged to have been raped, who was also the wife of the defendant, had a conversation with him and asked him if he did the deed and why. The mother asserted that he did do so. Jordan asked the defendant three times, and the third time told him that, if he did not tell witness, he would have to tell a justice of the peace, meaning, and being understood by the defendant as meaning, that he would be carried before the justice. He then confessed.)

The motion was overruled, and the defendant excepted.]