## MILLER *v.* THE STATE.

From the preliminary examination of the child on whom a rape was alleged to have been committed in this case, it does not appear that she sufficiently understood the nature and obligation of an oath or of the responsibilities attaching to a witness who is sworn to tell the truth. On another trial, when she has advanced in age and been the subject of proper moral training, she may appear to be competent.

Submitted December 18, 1899. — Decided January 25, 1900.

Indictment for rape. Before Judge Henry. Johnson superior court. September term, 1899.

*William Faircloth*, for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

COBB, J.  Miller was placed upon trial under an indictment charging him with the offense of rape, and was convicted.  He made a motion for a new trial, which was overruled, and he excepted.  In one ground of the motion for a new trial complaint is made that the court erred in holding that the child who was the victim of the alleged rape was a competent witness.  The preliminary examination as to the competency of this witness was as follows:  "By the solicitor-general — Q. Do you know what it is to swear?  A. Yes sir.  Q. If anybody was to tell a story what would become of them?  A. The bugger man would get them.

"By the defendant's counsel — Q. Do you know what the solemnity of an oath is?  A. No sir; I don't know what an oath is.  Q. Do you know what you are doing when you come into the court-room to swear?  A. No sir.  Q. You don't know what you are required to do?  A. No sir.  I am required to tell the truth.  Q. Do you know what would become of you if you were to tell a story?  A. Yes sir; bugger man would get me.  Q. Did anybody tell you that?  A. No sir.  Q. Did not you swear in this case in the justice court?  A. Yes sir.  Q. Do you remember what you swore down there?  A. No sir.  Q. Didn't you swear down there that you did not know what would become of you if you told a story?  A. Yes sir.  Q. Who told you that the bugger man would get you?  A. Nobody.  Q. Didn't your pa tell you?  A. No sir.  Q. Didn't your mamma tell you?  A. No sir.  Q. You don't know what you swore to in the justice court?  A. No sir.  I don't know anything about it.  Q. Do you know how old you are?  A. No sir.  Q. Are you ten years old?  A. I don't know sir.

"By the court — Q. Is it right to tell a lie or the truth?  A. The truth."

While questions of this character are to be left largely to the discretion of the trial judge, we feel constrained, in the present case, to hold that the judge should not have held the witness competent.  In the light of the rulings heretofore made by this court, we do not think it appeared that the witness sufficiently understood the nature and obligation of an oath to testify in the case.  The case of *Johnson* v. *State*, 76 *Ga.* 76,

seems to be almost controlling upon the point. What is said by Chief Justice Jackson in that case in reference to the child becoming a competent witness thereafter, when it had increased in age and been under proper moral training, will apply here. The record in the present case shows that the child was eight years of age when the trial was had, and it is probable that on another trial she may appear to have sufficient intelligence and to have been the subject of such training as to understand the responsibilities attaching to a witness in a case where human life is involved. *Judgment reversed. All the Justices concurring.*