### 4105. WARTHEN *v.* THE STATE.

1. The code of this State declares that "children who do not understand the nature of an oath are incompetent witnesses;" and wherever a child is offered as a witness, it is the duty of the trial judge to have a preliminary examination made of the child, for the purpose of deciding its competency according to this test; and where, on such examination, it manifestly and clearly appears that the child was only eight years old, had no moral instructions whatever, did not know what she was doing when sworn as a witness in the case, and had no knowledge whatever of the nature of an oath, it was error to permit the child to testify, over the objection of the accused.

2. The conviction in the present case resting solely upon the evidence of a child whose preliminary investigation proved that it was wholly incompetent as a witness, because it had no knowledge of the nature of an oath, the verdict was unauthorized, and a new trial must be granted.
                    DECIDED MAY 7, 1912.

Accusation of larceny; from city court of Sandersville—Judge Jordan.  February 2, 1912.

*J. J. Harris,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.

HILL, C. J.  The conviction of the plaintiff in error rests solely upon the evidence of a little negro child, eight years of age.  On the preliminary examination for the purpose of testing her competency, she testified, that she was eight years old, that it was right to tell the truth and not a lie, and that she was going to tell the truth, and that she knew the difference between the truth and a lie.  She further testified, on cross-examination, that she had never been to school or Sunday school, that she did not know what

it was to swear, that she did not know what an oath was, that she did not know what she held up her hand for when she was sworn, and did not know that she could be put in jail for not swearing the truth, that her mother had never told her about the devil or "bad man," and that she did not know anything about an oath or what was meant by it. She was allowed to testify, over the objection of the accused, who insisted that the preliminary examination showed conclusively that she was not competent, because she did not understand the nature of an oath; and the ruling of the court permitting her to testify as a witness is the only exception relied upon before this court.

Section 5862 of the Civil Code (1910) provides that "persons who have not the use of reason, as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses." The test, therefore, which the law prescribes as to the competency of a child of tender years to be a witness is knowledge by the child of the nature of an oath; and if the preliminary examination of the child offered as a witness shows that she has no knowledge whatever of the nature of an oath, the code declares that she is incompetent as a witness. This is one of the safeguards which the law provides in the trial of criminal cases. It is not a technicality. But even if it is, it is a positive declaration of the statute and can not be disobeyed. No conviction can be legally had except upon the testimony of a competent witness, and the law declares who are competent witnesses, and the orderly administration of justice demands that there shall be no relaxation of the rules of law on this subject. In this case the law declared that the child was incompetent as a witness to testify against the accused, unless she was shown by the preliminary examination to know the nature of an oath. Her examination on this subject shows, beyond question, that she had no knowledge whatever on the subject. On the preliminary examination she testified that she knew the difference between the truth and a lie, and that it was wrong to tell a lie, but this is not the test which the law makes as to the competency of witnesses. The test on this ground is knowledge of the nature of an oath, and on this controlling question she evinced no knowledge whatever.

It is true that this question is largely in the discretion of the trial judge. He sees and hears the child whose competency is

tested, and is, therefore, in a much better position to form· an opinion on the subject than the reviewing court, which only has before it the written answers of the child; and this court would not be authorized to reverse the judgment of the trial court on this question, unless there was manifest error or abuse of · discretion. *Webb* v. *State, 7 Ga. App.* 35 (66 S. E. 27). According to moral philosophy, truth is a natural instinct, and children are more apt to tell the truth than a falsehood; and it has been held that the jury who see the child are the best judges as to whether her testimony is entitled to credit. *Young* v. *State,* 122 *Ga.* 726 (50 S. E. 996). Nevertheless, the courts must follow the mandate of the statute, and trial judges can not legally permit children to testify who, according to the test prescribed by the statute, are incompetent as witnesses.

The preliminary investigation in the present case proved beyond question that the child was incompetent,—that she had no knowledge of the nature of an oath. It is difficult to conceive how there could ·be clearer and ˴stronger proof of total ignorance of moral responsibility or of the nature of an oath than was disclosed by the examination of this child. We are therefore compelled, if we give the statute in question any meaning at all, to hold that the trial judge erred in allowing the child to testify. We do this all the more willingly in the present case because the child's testimony was the only evidence implicating the accused, and even by her testimony the identity of the accused was not clearly established. She first told the prosecutor that another one of the men present on the night of the larceny, who had equal opportunity with the accused to commit the offense, was the guilty person; that she saw this man take the prosecutor's watch from his vest pocket. Subsequently she told the prosecutor that she was mistaken as to this, and that the man who took the watch from the prosecutor's pocket was the accused. If the child had been a competent witness, this question would have been exclusively for the jury, but since it was shown by the preliminary examination that she was not a competent witness, her testimony was manifestly without any probative value at all.                         *Judgment reversed·*