## 9491.  POOLE v. THE STATE.

BLOODWORTH, J.  1. Jim Poole was indicted for rape and convicted of assault with intent to rape.  One of the grounds of his motion for new trial was that the child alleged to have been assaulted (who was eight years old) should not have been allowed to testify, "because of the youthfulness of the witness, and because from her testimony it appeared that she did not understand the nature and sanctity of an oath, and her testimony was therefore illegal and inadmissible."  While the Supreme Court held, in the case of *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99), that "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its knowledge of the nature and sanctity of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been flagrantly abused" (see also *Holden* v. *State,* 144 *Ga.* 338, 87 S. E. 27; *Rogers* v. *State,* 11 *Ga. App.* 814, 76 S. E. 366), under the decisions in the cases of *Warthen* v. *State,* 11 *Ga. App.* 151 (74 S. E. 894), *Miller* v. *State,* 109 *Ga.* 512 (35 S. E. 152), and *Johnson* v. *State,* 76 *Ga.* 76, if the testimony of the child in this case stood alone, it might be necessary to set the verdict aside.  But, eliminating her testimony, there would still remain in the record enough evidence to authorize the verdict.

2. Under the proved facts in this case, the court did not err in allowing the witness Ara Poole to testify.  It was shown that several years prior to her alleged marriage to the accused she had been legally married to Ernest Hightower, who was not shown to be dead, and from whom she was not divorced, and as to whom she testified: "Ernest Hightower has been gone six years this fall.  The last I heard from him he was on the chain-gang."  One of the presumptions of law in this State is "continuance of life for seven years."  Penal Code (1910), § 1016; Civil Code, § 5740.

3. Under the qualifying note of the trial judge, there was no error in re-

fusing to rule out the evidence of Ara Poole as complained of in the 6th ground of the motion for a new trial.

4. The instructions set forth in the 7th ground of the motion for a new trial are not erroneous.

5. No error was committed in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
>               DECIDED MAY 1, 1918.

Conviction of assault with intent to rape; from Early superior court—Judge Worrill. November 3, 1917.

*A. H. Gray,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.