## 17307. HORTON *v.* THE STATE.

The test which the law of this State prescribes as to the competency of a child of tender years to be a witness is knowledge by the child of the nature of an oath, and when an examination by the court shows that the child has no such knowledge it is error to permit the child to testify over proper objection.

DECIDED JUNE 15, 1926.

Wife-beating; from Johnson superior court—Judge Camp. March 29, 1926.

*C. S. Claxton,* for plaintiff in error.

*Fred. Kea, solicitor-general,* contra.

BLOODWORTH, J. The evidence of a child was objected to on the ground that she did not understand the meaning and nature of an oath. As far as it relates to this question, the evidence of the witness was as follows: "I don't know how old I am. Don't know the day of the week. Don't know the number of days in a week. Don't know the number of days in a month. Don't know what year it is. To-day is Friday. Lots of people have talked to me about this case and have told me to swear what I have told. I don't know the meaning of an oath. I don't know what it means to be sworn. Don't know that I would be punished for telling a lie. If I tell the truth I will go to heaven. If I tell a lie I will go to hell. The solicitor told me to say that." The law of this State is that "children who do not understand the nature of an oath are incompetent" as witnesses. Civil Code (1910), § 5862; Penal Code (1910), § 1038. In *Warthen* v. *State,* 11 *Ga. App.* 152 (74 S. E. 894), Chief Judge Hill said: "The test, therefore, which the law prescribes as to the competency of a child of tender years to be a witness is knowledge by the child of the nature of an oath; and if the preliminary examination of the child offered as a witness shows that she has no knowledge whatever of the nature of an oath, the code declares that she is incompetent as a witness.

---

Witnesses, 40 Cyc. p. 2204, n. 79, 81.

This is one of the safeguards which the law provides in the trial of criminal cases. It is not a technicality. But even if it is, it is a positive declaration of the statute and can not be disobeyed. No conviction can be legally had except upon the testimony of a competent witness, and the law declares who are competent witnesses, and the orderly administration of justice demands that there shall be no relaxation of the rules of law on this subject. In this case the law declared that the child was incompetent as a witness to testify against the accused, unless she was shown by the preliminary examination to know the nature of an oath. Her examination on this subject shows, beyond question, that she had no knowledge whatever on the subject. On the preliminary examination she testified that she knew the difference between the truth and a lie, and that it was wrong to tell a lie, but this is not the test which the law makes as to the competency of witnesses. The test on this ground is knowledge of the nature of an oath, and on this controlling question she evinced no knowledge whatever." The examination of the witness in the instant case shows that she was incompetent; that she had no knowledge of the nature of an oath, and, under the provisions of the statute and following the cases from which we have just quoted, we must hold that the court erred in allowing her to testify. See *Johnson* v. *State,* 76 *Ga.* 76; *Miller* v. *State,* 109 *Ga.* 512 (35 S. E. 152). In the last-cited case Mr. Justice Cobb said: "While questions of this character are to be left largely to the discretion of the trial judge, we feel constrained, in the present case, to hold that the judge should not have held the witness competent. In the light of the rulings heretofore made by this court, we do not think it appeared that the witness sufficiently understood the nature and obligation of an oath to testify in the case. The case of *Johnson* v. *State,* 76 *Ga.* 76, seems to be almost controlling upon the point. What is said by Chief Justice Jackson in that case in reference to the child becoming a competent witness thereafter, when it had increased in age and been under proper moral training, will apply here. The record in the present case shows that the child was eight years of age when the trial was had, and it is probable that on another trial she may appear to have sufficient intelligence and to have been the subject of such training as to understand the responsibilities attaching to a witness in a case where human life is involved."

Eliminating from the record what was sworn to by the child witness, there is no evidence to support the verdict, and the judgment is　　*Reversed. Broyles, C. J., and Luke, J., concur.*