## 31000. YOUNG v. THE STATE.

DECIDED SEPTEMBER 19, 1945.

*John H. Hudson,* for plaintiff in error.

*E. E. Andrews, solicitor, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J. The defendant was convicted of larceny from the house. His motion for new trial, containing the general grounds and one special ground, was overruled, and he excepted. The special ground is to the effect that the only witness for the State was a child six years of age, and that she was incompetent to testify, and therefore there was no evidence to sustain the verdict. Hence we will treat the general and the special ground together.

It is contended that there was no sufficient legal evidence to authorize the conviction. The prosecutrix testified that she had $350 in money in a pocketbook in the chifforobe in her home. She testified that the defendant knew where she kept the money because he had previously borrowed some from her, and had seen her get the money from the pocketbook kept in the chifforobe. Upon returning home from a short absence on the day in question, she found that her sister's child had come to her home with the defendant, and that the approximately $350 had disappeared from the pocketbook in the chifforobe drawer. The child testified that the defendant "went in that chifforobe and got that brown pocketbook and got a handkerchief out of it. I don't know whether or not he got any money out of the pocketbook." The child witness was six years of age. She was present in court, where both the judge and the jury had an opportunity to observe her age, her training, and her general intelligence. In *Warthen* v. *State,* 11 *Ga. App.* 151 (74 S. E. 894), relied upon by the defendant, the judge, after an examination of an eight-year old child, decided that the child was not competent to understand the nature of an oath. In that case the court said: "It is true that this question is largely in the discretion of the trial judge. He sees and hears the child whose competency is tested, and is, therefore, in a much better position to form an opinion on the subject than the reviewing court, which only has before it the written answers of the

child; and this court would not be authorized to reverse the judgment of the trial court on this question, unless there was manifest error or abuse of discretion. *Webb* v. *State,* 7 *Ga. App.* 35 (66 S. E. 27). According to moral philosophy, truth is a natural instinct, and children are more apt to tell the truth than a falsehood; and it has been held that the jury who see the child are the best judges as to whether her testimony is entitled to credit. *Young* v. *State,* 122 *Ga.* 726 (50 S. E. 996)." In that case it appeared that the child was certainly incompetent to understand the nature of an oath.

In *Horton* v. *State,* 35 *Ga. App.* 493 (133 S. E. 647), cited by the defendant, the child showed no knowledge of any questions propounded to her by the court. There the entire evidence was the testimony of the child witness. It was clear that she was incompetent to testify in a case of that nature.

In *Johnson* v. *State,* 76 *Ga.* 76, the questions propounded and the answers elicited clearly showed that the child had no moral training, and it could be inferred that she had been coached in her answers.

The case of *Gaines* v. *State,* 99 *Ga.* 703 (26 S. E. 760), relied upon by the defendant, is not applicable to the facts of this case. The questions there propounded failed to develop answers sufficient to show that the child understood the nature of an oath, and clearly failed to show that the child, either from a moral or a legal standpoint, had the slightest degree of knowledge with reference to the legal consequences of committing perjury. Such is not the situation in the case at bar. Here the child testified that she went to school, she knew the name of her teacher, she went to Sunday School, and it follows that she had moral training sufficient, in the judgment of the court and the jury, to understand the nature of an oath.

In *Peterson* v. *State,* 47 *Ga.* 524, a child "seven or eight" years of age, was found by the court to be incompetent to testify. The Supreme Court said: "The court . . has the child before him. We can only judge of its capacity from written evidence." The judgment of the lower court was affirmed.

In *Johnson* v. *State,* 61 *Ga.* 36, the Supreme Court said that the appellate court would "not interfere to grant a new trial on the ground that a child of seven years of age was permitted to

testify, when the presiding judge, from examination and inspection of the child, was satisfied as to her intelligence to understand the nature of an oath," and affirmed the judgment of the court below.

In *Bell* v. *State,* 164 *Ga.* 292 (138 S. E. 238), it was held that the testimony of the child of nine years was properly admitted by the trial court, in the following language: "The testimony of the child witness here in question, including his frank admissions of ignorance, was intelligent, lucid, consistent, and to the point; and it could be considered by the trial judge in determining as to his competency. The judge's discretion was not abused in holding the witness competent." In that case the child testified that he did not know what an oath was, nor what the truth was, and that he had never heard anything about the devil or God, or anything of that kind. The trial judge decided that the child was a competent witness, and that judgment was affirmed.

In *Conoway* v. *State,* 171 *Ga.* 782 (156 S. E. 664), the Supreme Court affirmed the judgment of the lower court in allowing a person in an insane sanitarium to testify as a competent witness, stating that the witness could have had lucid intervals.

The Supreme Court in *Gordon* v. *State,* 186 *Ga.* 615 (198 S. E. 678), stated the principle in the following language: "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been manifestly abused. Code, §§ 38-1607, 38-1610; *Moore* v. *State,* 79 *Ga.* 498 (3), 502 (5 S. E. 51); *Bebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Young* v. *State,* 125 *Ga.* 584 (4), 586 (54 S. E. 82); *Frasier* v. *State,* 143 *Ga.* 322 (85 S. E. 124); *Bell* v. *State,* 164 *Ga.* 292 (2) (138 S. E. 238); *Style* v. *State,* 175 *Ga.* 95 (165 S. E. 7)."

The determining factor in deciding the competency of a witness to testify is not age, but rather the ability to understand the nature of an oath. The decision as to the ability on competency of the witness (child or otherwise) to testify is left to the sound discretion of the trial court, and this court will not interfere with its judgment, where it does not appear that such discretion has

been manifestly abused. In the case at bar the judge passed upon the competency of the child witness of six years, and decided that she was competent. The jury gave credence to her testimony. No abuse of discretion was shown.

The evidence sustains the verdict. The court did not err in overruling the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*