## 29941. ZILINMON v. THE STATE.

NICHOLS, Chief Justice.

The defendant was convicted on all five counts of an indictment charging rape, burglary, robbery, aggravated assault with intent to murder and terroristic threat. His motion for new trial was overruled and the present appeal filed.

1. Enumerations of error 1 through 7 complain of the photographic and pre-trial lineup identification procedures and the courtroom identification by three witnesses. A hearing was held out of the presence of the jury as to the photographic identification and lineup procedure. Thereafter, the evidence was admitted over

objection. The victim testified that she had looked at about 500 pictures before being presented with a group of six from which she identified the defendant and that she was not given any information that defendant was a suspect in the case.

"Each case must be considered on its own facts . . . and the due process test looks to the totality of the surrounding circumstances . . . The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. 'If the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there is a substantial likelihood of irreparable misidentification the in-court identification may be put before the jury.' " *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775); Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247).

The identification of the defendant from the photograph and the subsequent lineup was in accord with due process standards and did not make the in-court identification tainted. There is no merit in these enumerations of error.

2. Enumerations of error 8 and 11 complain of hearsay testimony of two of the state's witnesses. The police officer who was summoned to the victim's residence within approximately 30 minutes of the occurrence was allowed to testify as to what the victim related to him upon his arrival. The victim related to him that a black male had come to the door, forced his way in, dragged her upstairs and raped her. She also gave a description of the rapist. The officer also testified that he noticed bruises on her neck. This testimony was admissible under Code § 38-305. See *Overton v. State,* 230 Ga. 830, 837 (199 SE2d 205).

Another police officer, who conducted the photographic lineup, was allowed to testify over objection as to whom the victim identified. The trial court allowed this testimony for the limited purpose of explaining conduct and was clearly admissible for this purpose. Code § 38-302; *Perdue v. State,* 225 Ga. 814, 819 (171 SE2d 563).

There is no merit in these enumerations of error.

3. Enumeration of error 9 contends the trial court erred in refusing to allow a state's witness on cross examination to refresh his memory from documents prepared by others. A witness may refresh his memory from notes, records and other documents prepared by himself provided he shall speak from his recollection thus refreshed. Although a witness may refresh his memory from a writing prepared by another, he must nevertheless testify from his memory thus refreshed. When the document is prepared by a third person not in the presence of a witness, the memory is not refreshed by such memorandum and such testimony is inadmissible. Code § 38-1707; *Hematite Mining Co. v. East Tenn. &c. R. Co.,* 92 Ga. 268 (3) (18 SE 24). No error is shown by this enumeration of error.

4. The tenth enumeration of error contends it was error to exclude the testimony of a seven-year-old witness for the defendant.

In *Gordon v. State,* 186 Ga. 615 (1) (198 SE 678), it was held: "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness." "The determining factor in deciding the competency of a witness to testify is not age, but the ability to understand the nature of an oath. The decision as to the ability on competency of the witness (child or otherwise) to testify is left to the sound discretion of the trial court, and this court will not interfere with its judgment, where it does not appear such discretion has been manifestly abused." *Young v. State,* 72 Ga. App. 811, 813 (35 SE2d 321).

The trial judge having the witness before him and having propounded questions as to the meaning of an oath, etc. acted within the sound discretion vested in him in declaring the witness incompetent and such discretion, not having been abused, will not be interfered with by this court.

5. Enumeration of error 12 complains of the charge of the court that: "Neither the indictment nor the plea of not guilty is evidence, and is not to be considered by you as evidence." The court further charged: "As I stated in the beginning the indictment and plea of not guilty form the

issues which you, the ladies and gentlemen of the jury, are to determine."

Code § 27-1405 provides: "If the prisoner, upon being arraigned, shall plead 'not guilty,' . . . the clerk shall immediately record upon the minutes of the court the plea . . . and such . . . plea shall constitute the issue between the prisoner and the State." This was a correct charge of the law and there is no merit in this enumeration of error.

6. Enumeration of error 13 complains of the charge on aggravated assault. The trial court in its charge defined aggravated assault in the terms of Code Ann. § 26-1302. This charge in the exact language of the Code shows no error. Compare *Daniel v. State,* 230 Ga. 126 (195 SE2d 900).

7. The fifteenth enumeration of error complains of the denial of defendant's motion for mistrial. The state's attorney in his argument to the jury during the sentencing phase of the trial urged the jury to impose the death penalty. It was to this argument that the motion was directed. Since the jury did not accept the urging of state's counsel, but instead imposed a life sentence, this enumeration of error fails to show harmful error even if such argument was improper.

8. Enumeration of error 14 and the general grounds will be treated together. The evidence in this case would authorize a finding by the jury that the defendant came to the victim's door pretending to be her "paper man," forced his way in, made threats on her life and inflicted physical abuse on her, dragged her upstairs, raped her, burglarized her home, dragged her back downstairs where he again threatened her life, began stomping her about the neck and stomach, then said: "The next time I come down you won't be alive to tell it," and stomped her again causing her to become unconscious. He then departed in the victim's car.

This evidence authorized the defendant's conviction for rape, burglary, robbery and aggravated assault with intent to murder as charged in the indictment.

The fourteenth enumeration of error complaining of the charge on terroristic threats need not be reached since under the general grounds a conviction would not be authorized on this count. The statute making illegal

threats for the purpose of terrorizing another, does not include situations where overt acts are done to carry out the threat. Once an overt act is done, a violation of some other statute occurs. In this case, a threat to kill, if accomplished, would be murder; if not accomplished, it would be aggravated assault. The defendant having been convicted of aggravated assault with intent to murder, the count of the indictment charging the terroristic threats merged into this conviction as stated in *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475): "An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one is included in the other. Code Ann. § 26-506." Accordingly, the trial court is directed to vacate the conviction and sentence for terroristic threats.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED MAY 15, 1975 — DECIDED JUNE 2, 1975.

*Al Bridges,* for appellant.
*Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr.,* for appellee.