## 56844. THOMAS v. THE STATE.
## 56845. MITCHELL v. THE STATE.

WEBB, Judge.

Thomas and Mitchell were convicted of armed robbery, sentenced to ten years each and appeal, both enumerating as sole error the admission of evidence concerning their respective photographic lineups. We affirm.

Two people, one male and one female, entered a Minit Market, picked up two cans of Coke and approached the store attendant. The male pulled a pistol and demanded money. A security guard watching the occurrence via a closed circuit television system yelled at the robbers through an intercom, and they fled from the store with $149 in cash. Police were called to the scene and the store attendant gave them descriptions of the perpetrators from which composite drawings were made, leading to the subsequent apprehension of Thomas and Mitchell. During the trial the store attendant positively identified both defendants, swearing that there was "no possibility" that he could be wrong.

Prior to admission of the evidence objected to, the trial court conducted a hearing out of the presence of the jury which established that 18 days after the robbery the police showed a photographic lineup to the store attendant consisting of seven photographs of white males and eight photographs of white females. All persons depicted in the photographs were in the same age range and had the same physical characteristics. One picture in each group was of the defendants and the store attendant identified both of them. The only objection made to introduction of the testimony and pictures was that the lineup was impermissibly suggestive. After hearing the evidence and viewing the pictures the trial court found that the procedure used was not impermissibly suggestive and admitted the evidence.

"Each case must be considered on its own facts [Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968)], and the due process test looks to the totality of the surrounding circumstances. Id. p. 383; Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401);

*Yancey v. State,* 232 Ga. 167 (205 SE2d 282). Simmons enunciated a two-part test. The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. '[I]f the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury.' United States v. Sutherland, 428 F2d 1152, 1155 (5th Cir. 1970) (emphasis in original). Cf. Ward v. Wainwright, 450 F2d 409 (5th Cir. 1971) (involving a show-up, rather than photographic display)." *Payne v. State,* 233 Ga. 294, 299 (2) (210 SE2d 775) (1974); *Zilinmon v. State,* 234 Ga. 535 (1) (216 SE2d 830) (1975).

The identification of these defendants from the photographic lineup was in accord with due process standards and did not taint the in-court identification.

*Judgments affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED NOVEMBER 6, 1978 — DECIDED
NOVEMBER 22, 1978.

*James P. Brown, Jr., Stephen P. Harrison,* for appellants.

*E. Byron Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.