## 58300. DUFFEY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of armed robbery. He was sentenced to serve nine years in the state penal system. Defendant appeals. *Held:*

1. Following a robbery various officers were alerted to be on the lookout for a black male wearing a black hat, Army jacket and blue jeans, as being the alleged robber. The robbery allegedly occurred near an interchange of an interstate highway. Two officers arriving in a patrol car at another interchange of the interstate highway nearby shortly after the alert was received observed a black male fitting the description who was inside a service station. He was immediately placed under arrest and searched, which search disclosed approximately the same amount of money as that stolen in the robbery. The defendant then asked them what was going to be done about his automobile located at the station, pointing toward "a primer looking Mustang." He was advised that an officer would "stand by it until. . ." it was investigated. A .410 single barrel shotgun was observed in plain view lying between the bucket seats of the Mustang. It was then photographed and taken into custody by a detective who had already been advised that a shotgun was used in the robbery and that the seized automobile contained a shotgun.

The seizure of the shotgun was reasonable under the circumstances since the officer had probable cause, and the exigent circumstances did not require a search warrant. Carroll v. United States, 267 U. S. 132 (3), 149 (45 SC 280, 69 LE 543); Husty v. United States, 282 U. S. 694 (1), 700 (51 SC 240, 75 LE 629); Brinegar v. United States, 338 U. S. 160 (1), 165—171 (69 SC 1302, 93 LE 1879); *Phillips v. State,* 233 Ga. 800, 803 (213 SE2d 664). As there were exigent circumstances present here, this case is quite different from the case of Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) where the Supreme Court held there were no exigent circumstances. No search warrant was necessary as the shotgun was in plain view and an alleged shotgun had

been used in the robbery. The trial court did not err in denying the motion to suppress the evidence.

2. The trial court did not err in admitting into evidence the photographic line-up procedure and the witness' identification which was submitted in rebuttal of testimony by the defendant that a single photograph of him had been shown to the witnesses after his arrest. See *Zilinmon v. State,* 234 Ga. 535 (1) (216 SE2d 830); *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775). This evidence failed to show there was anything unduly suggestive or impermissible in the line-up procedure with reference to the photographs submitted to the witnesses. Compare *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330). No substantial likelihood of irreparable misidentification was here shown. *Mitchell v. State,* 148 Ga. App. 222 (251 SE2d 136); *Zilinmon v. State,* 234 Ga. 535 (1), supra. The in-court identification was not in anywise tainted. Defendant's testimony was the first testimony to contend there was improper identification. It was therefore not error to allow the evidence as to how the photographs were presented to the witnesses and to be heard before the jury. No separate hearing as to this matter was necessary as the defendant had injected this issue into the case.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED SEPTEMBER 24, 1979 — DECIDED OCTOBER 10, 1979.

*Stephen P. Harrison,* for appellant.
*E. Byron Smith, District Attorney, Hal Craig, Assistant District Attorney,* for appellee.