## 65037. SMALLWOOD v. THE STATE.

Sognier, Judge.

Child molestation. The sole enumeration of error is that the trial court erred by ruling that the victim, a minor four years of age, was competent to testify against appellant.

At the time the offense was committed the victim was three years old, and at the time of trial she had reached the age of four. The trial court examined the victim as to her understanding of the nature of the oath, and determined that the victim knew her age; that she knew where she lived; that she attended Sunday school; and that she understood that it was bad to tell something that was not the truth. The record discloses the following questions and answers during the court's questioning to determine competency of the witness. "Q. Where did you learn that when you promised — where did you learn that it was good to tell the truth and bad to tell a story or a lie? A. Jesus don't like it. Q. Jesus doesn't like what? A. If you don't tell the truth."

The determining factor in deciding competency of a child to testify is not age, but the child's ability to understand the nature of an oath. *Young v. State,* 72 Ga. App. 811, 813 (35 SE2d 321) (1945); *Zilinmon v. State,* 234 Ga. 535, 537 (4) (216 SE2d 830) (1975). The Georgia Supreme Court has affirmed a lower court ruling that a child three years and two months of age is conclusively presumed incompetent as a witness. *Porter v. State,* 237 Ga. 580 (229 SE2d 384) (1976); the United States Supreme Court has found a child five and one-half years old competent, Wheeler v. United States, 159 U.S. 523 (1895); this court has held that an eight-year-old child was incompetent, *Warthen v. State,* 11 Ga. App. 151 (74 SE 894) (1912); and that a seven-year-old child was competent to testify. *Parrott v. State,* 149 Ga. App. 377 (254 SE2d 497) (1979). In each case cited the determining factor was not the age of the child, but whether or not the child understood the nature of the oath. Further, it is not necessary that the child be able to define the meaning of an oath, but that she know and appreciate the fact that as a witness she assumes a solid and

binding obligation to tell the truth when questioned at trial. *Smith v. State,* 247 Ga. 511 (277 SE2d 53) (1981).

In our opinion, the witness' answer that "Jesus don't like it," together with her testimony that she attended Sunday school, indicates her understanding of her obligation to tell the truth and that it is morally wrong to tell a lie. This is evidenced further by her testimony after taking an oath "to tell the truth, the whole truth and nothing but the truth" that she understood that she had taken an oath and promised to tell the truth. She was then asked: "What would God think about you if you did not tell the truth after you promised Him that you would tell the truth? Would he like it or not like it? A. Wouldn't like it." It is clear that the witness here understood her obligation, and that she would incur the disfavor of God and Jesus if she did not tell the truth.

OCGA § 24-9-7 (a) (Code Ann. § 38-1601) provides: "The competency of a witness shall be decided by the court. The court shall by examination decide upon the capacity of one alleged to be incompetent from . . . infancy." In the instant case the witness was examined fully by the trial judge as required by the code, and was also questioned by the prosecuting attorney and appellant's counsel. Further, the trial judge had the witness before him and was able to observe her conduct and demeanor while being questioned. While we recognize that this is a close case, "[w]here the trial judge examines a child as to its understanding of the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court." *Sides v. State,* 213 Ga. 482, 487 (3) (99 SE2d 884) (1957); *Bradley v. State,* 148 Ga. App. 722, 724 (3) (252 SE2d 648) (1979). We find no abuse of discretion by the trial judge in determining that the victim in this case was competent to testify. Accordingly, appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1983.

*W. Dennis Mullis,* for appellant.

*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney,* for appellee.