## 68773. DAVIS v. THE STATE.
### (324 SE2d 551)

BIRDSONG, Presiding Judge.

Delton Davis was jointly indicted with another and convicted at a separate trial of armed robbery. He was sentenced to serve seven years. He brings this appeal enumerating three alleged errors.

The evidence shows that two black males entered the back office of a McDonald's food store in Clayton County. A third possibly was present in the front service area. At least one if not both of the males who entered the back possessed pistols. One stood by the door leading

to the front area and forced three employees into submission by standing against a wall. This same person compelled the female manager to open a safe. The other male then stooped before the safe and removed money from it. The three employees then were compelled to enter a walk-in cooler and the two males departed. Apparently based upon a subsequent tip, the three employees were shown two pictorial lineups, one black and white and one color, each consisting of eight or more photographs. These photographs contained the pictures of appellant Delton Davis, his brother Eddie Davis and one Sims. The evidence shows that Delton and Eddie Davis bore a strong family resemblance. All three eyewitnesses placed Delton Davis at the scene of the robbery. It was further shown that Delton Davis and Sims were friends and in fact dated sisters. The identifying witnesses consistently picked Delton Davis or Eddie Davis as being one of the three perpetrators and Sims as the other. Though there was some confusion as to which of the perpetrators stood at the door and compelled the three employees to stand against the wall as opposed to the perpetrator who stooped at the safe, the witnesses indicated that both Delton Davis and Sims were in the back room. However, the evidence points toward Delton Davis as the one who removed the money from the safe.

Davis retained an attorney to represent him prior to trial. For some unexplained reason, this attorney subsequently requested permission to withdraw and the trial court granted this request. Because of Davis' indigency, the court then appointed counsel to represent Davis. This counsel entered into an agreement with the prosecutor for Davis to undergo a polygraph examination. It was orally agreed that if Davis "passed" the test, the State would nolle prosse the indictment. If, however, he did not "pass" the test, it was orally stipulated that the results would be admitted against Davis. This attorney was appointed as a state court judge and became disqualified. A second appointed attorney was designated to represent Davis. This attorney represented Davis at trial. Subsequent to Davis' conviction, the second appointed attorney was appointed to the solicitor's office and became disqualified. A third attorney has been appointed to represent Davis on appeal. *Held*:

1. Davis complains the trial court erred in denying his motion for directed verdict of acquittal. The basis of this enumeration is the confusion registered by the eyewitness identification testimony.

Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) enunciated a two-part test. The first inquiry is whether the photographic display was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. If the judge does not find as a matter of law both that the picture spread was

impermissibly suggestive and that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury. *Thomas v. State*, 148 Ga. App. 222, 223 (251 SE2d 136). See United States v. Sutherland, 428 F2d 1152 (5th Cir. 1970).

In this case Davis makes no contention that the pictures displayed to the victims were themselves impermissibly suggestive nor even that the manner of presentation was suggestive. Thus, there was no error in submitting this evidence to the jury. Our review of the evidence shows that Delton Davis and Sims were consistently identified as being the two armed robbers in the back room.

The direction of a verdict of acquittal is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands the verdict of innocence. *Phillips v. State*, 238 Ga. 632, 633 (235 SE2d 12). Applying these tests to the evidence in this case, we find no error in the denial of the motion for directed verdict of acquittal. The evidence was of that quality and quantity to satisfy any rational trier of fact of Davis' guilt of armed robbery beyond reasonable doubt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

2. Davis further complains that the trial court erred in denying his motion in limine as to the result of the polygraph examination. Related to this enumeration is appellant's second enumeration urging error in allowing a former defense counsel to appear as a witness for the prosecution.

Examining these two enumerations together as being related, we conclude that neither has merit. Prior to trial, Davis sought to exclude the results of the polygraph examination solely because no written stipulation had been entered into between his prior counsel and the prosecutor. There is no real dispute that an oral stipulation was indeed entered into between the parties to this trial. However, appellant, relying on language contained in *Chambers v. State*, 146 Ga. App. 126 (245 SE2d 467) at p. 128 (that one lesson to be learned is that all agreements of counsel relating to polygraph examination should be placed in writing), now contends that the oral stipulation renders the results of the test inadmissible. This argument has been considered and decided adversely to appellant by this court in *Standridge v. State*, 158 Ga. App. 482, 484-485 (280 SE2d 850). In that case also defendant's discharged counsel and the prosecutor orally entered into an agreement similar to the one in the instant case. This court refused to establish a standard that stipulations had to be in writing but reminded the bar that a written stipulation is the best practice. Thus, on two occasions, in *Chambers* and *Standridge*, this court has refused to deny the admission of a polygraph test as evidence because of the absence of a written stipulation. Once again, we observe that problems such as the one confronting the court in this

case would be obviated by a more careful adherence to recommendations of this court that such stipulations be in writing.

3. As to appellant's objection that the trial court erred in allowing his discharged counsel to testify as a state's witness, he seeks to predicate this enumeration on a violation of the canons of ethics. However, at trial, counsel based his objection upon a violation of the attorney-client privilege. At no time did he base his objection upon an alleged violation of canons of ethics. The trial court therefore was never required to address this issue and on appeal, this court has nothing to review as to this aspect of the enumeration of error. *Williams v. State*, 251 Ga. 749, 789 (312 SE2d 40).

As to the second facet of this enumeration, i.e., a violation of the attorney-client privilege, the counsel's testimony followed a motion in limine by Davis. In response to this motion, the State and the court scrupulously observed the limitation that counsel could not discuss anything divulged by Davis to the attorney. The sole purpose of the testimony was to show that an oral stipulation had been entered into between the defense and the prosecution and this evidence was in direct response to the motion in limine.

Inasmuch as the defense in effect conceded there was a stipulation, any statement made by appellant's attorney was wholly cumulative. The assistant district attorney stated in his place that an oral stipulation had been entered into between the parties and related the same agreement as that testified to by appellant's discharged counsel. This court has previously ruled that a district attorney's statements concerning an oral stipulation that the polygraph results would be admissible was a sufficient basis to admit the results. *Standridge v. State*, supra, p. 485. Even assuming, arguendo, that it was error to allow the discharged attorney to testify to an uncontested fact, such error would be harmless. We find no merit in this enumeration.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

Decided November 21, 1984.

*Fritz Albrecht*, for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney*, for appellee.