## 58195. BARRETT v. THE STATE.

DEEN, Chief Judge.

Earnest C. Barrett brings this appeal from his conviction of aggravated assault contending that the trial court erred in allowing his in-custody statements into evidence. *Held:*

Appellant made two in-custody statements approximately 14 hours apart. Before making his first

statement, he was fully advised of his constitutional rights. He was not advised of his rights before the second statement was made. At trial the court conducted a Jackson-Denno hearing outside the presence of the jury and examined both of the police officers involved in interrogating the accused. At the conclusion of the hearing, the court asked appellant's attorney if there was any reason why the statements should not be offered to the jury. Counsel's argument seems to pertain only to the inadmissibility of the second statement. The trial court found the statements to be voluntary and ordered them admitted.

"Where the defendant was advised of his constitutional rights prior to his in-custody statement, further warning was not required prior to the taking of a second in-custody statement." *Watson v. State,* 227 Ga. 698 (182 SE2d 446) (1971). Even if appellant did not abandon his objection to the first statement, we find no error in the trial court's ruling. This court must accept the ruling of the trial court when it finds that a confession was voluntary after conducting a Jackson-Denno hearing unless its findings are clearly erroneous. *Hobgood v. State,* 146 Ga. App. 737 (247 SE2d 517) (1978).

. *Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

Submitted July 3, 1979 — Decided September 4, 1979.

*Theron Finlayson,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.