## 59092. CANTWELL v. THE STATE.

BIRDSONG, Judge.

Cantwell was indicted with two co-defendants for aggravated assault and armed robbery of a hardware store in Hinesville, Liberty County, Georgia. Following arraignment, appellant filed on October 31, 1977, a special plea of insanity, which the jury found true on November 1, 1977. After four months in Central State Hospital where he was diagnosed as schizophrenic, appellant was released and returned to Liberty County. On February 17, 1978, appellant again filed a special plea of insanity; there being no evidence that appellant was then insane, and appellant's attorney so conceding there was no such evidence, the jury was directed to return a verdict confirming his sanity. Following a jury verdict of guilty on each indictment, Cantwell enumerates three errors of law below. *Held:*

1. Appellant urges error on the trial court's refusal to charge Code § 27-1503 in its entirety, because certain remarks of the district attorney in closing argument required that the jury be advised that, if acquitted by reason of insanity, appellant would not be released from hospital confinement until the committing court finds

him eligible for release. The district attorney made the comment that a verdict of acquittal by reason of insanity would result in the defendant going to Central State Hospital until "they decide he's o.k. and he's back on the street walking around. And you know that's happened. There's a police officer's widow in Savannah right now because that happened. And . . . that's exactly what will happen to this man."

We find this enumeration to be without merit. Assuming the district attorney's remarks to be improper commentary, the remedy was for appellant to make objection to the remarks and ask for curative instruction. *Bradham v. State,* 148 Ga. App. 89, 90 (250 SE2d 801). Appellant cannot ignore at trial what he thinks is an injustice, chance a favorable verdict and complain later. *Cochran v. State,* 213 Ga. 706 (2) (100 SE2d 919); since no objection was made and no ruling invoked, there was nothing for review on appeal. *Cochran,* supra; *Jackson v. State,* 145 Ga. App. 526, 527 (3) (244 SE2d 49), and see *Favors v. State,* 145 Ga. App. 864, 865-866 (244 SE2d 902). There was, moreover, no duty upon the trial court to charge the entire Code section, and in fact, doing so has been held to be "inappropriate," *Printup v. State,* 142 Ga. App. 42 (234 SE2d 840).

2. The charge that appellant was presumed sane, but that this was a rebuttable presumption with appellant having the burden to show otherwise by a preponderance of the evidence, was not error. When appellant was released from his first incarceration following the jury's verdict of insanity on November 1, 1977, the presumption of his sanity returned and prevailed. *Durham v. State,* 239 Ga. 697, 698 (238 SE2d 334). Even so, he was adjudicated sane after the adjudication of insanity, and there is therefore no basis whatsoever to extend a presumption of insanity. See *Gilbert v. State,* 235 Ga. 501 (220 SE2d 262). Appellant entered his trial with the presumption of sanity, and there was evidence to support that conclusion. The presumption did not dissipate on the presentation of evidence that he was not sane, but the jury was free to reject the testimony of witnesses on the issue and rely on the presumption as evidence. *Durham,* supra, p. 699.

3. On the basis of the foregoing, the trial court's

denial of appellant's motion for new trial was not error.
*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED
MARCH 5, 1980.

*A. G. Wells, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.