## 60280. BROWNLEE v. THE STATE.

BIRDSONG, Judge.
Kiwanis Brownlee was convicted of two offenses of unlawfully entering an automobile with intent to commit theft. He was sentenced to four years consecutively to serve on each. Brownlee brings this appeal enumerating six alleged errors. *Held:*

1. In his first enumeration of error, Brownlee asserts that the evidence is insufficient to support the convictions. The evidence shows that an officer of the law observed Brownlee acting in a suspicious manner inside a car in a public parking lot. Brownlee was apprehended and a bent coat hanger wire was found inside the car. A citizens band radio which had been removed therefrom was found inside the car of an accomplice. Additionally, certain items of clothing were found in the accomplice's car which were shown to have been taken from another person's car. Each of the owners testified as to the loss by theft and that the entry and taking was without permission. Following a Jackson-Denno hearing, a police officer testified that Brownlee admitted taking the citizens band radio from the car in which he was observed. Such evidence is overwhelmingly sufficient to satisfy a rational trier of fact beyond any reasonable doubt that the defendant was guilty as charged. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). This enumeration lacks merit.

2. In his second enumeration of error, appellant argues that it was error to deny him a continuance in order to obtain counsel of his own choosing. The transcript shows that appellant had been before the trial judge on several occasions and that his background was known to the court. Appellant had indicated indigency and counsel was appointed to represent him. Brownlee initially entered a plea of

guilty. At that hearing, Brownlee suggested that his family had raised some money but did not indicate how much. He had known for several days that his trial was coming up but did not make any attempt to retain private counsel. Prior to entering his plea of guilty, Brownlee sought a continuance which was denied as being untimely and brought for purposes of delay only. Appellant then entered his plea of guilty. When the sentence was harsher than he thought it ought to be, appellant withdrew the guilty plea and the jury trial which is now the subject of this appeal followed. Brownlee again questioned the trial court why he could not have time to obtain counsel of his own choosing. The trial court denied the motion for continuance for the earlier stated reasons. Under the circumstances, the trial court did not abuse its discretion in denying the motion for continuance on grounds of dilatoriness. *Hendrix v. State,* 145 Ga. App. 170, 171 (243 SE2d 112).

3. The trial court gave the jury a preliminary charge which included the elements of the crimes charged plus the charge on reasonable doubt and burden of proof, etc. In its concluding charge the court repeated the essential portion of the charge dealing with the elements of the crimes charged and lesser included offenses but did not repeat that portion of its charge on reasonable doubt, presumption of innocence and burden of proof. In the third enumeration, appellant asks this court abstractly to consider the latter portion of the charge only and implies that because the concluding charge did not include the earlier appendages that the jury was somehow told that there was no special placement of the burden of proof or that the presumption of innocence had dissipated or that reasonable doubt was not the proper test.

We reject this argument. In reviewing a charge, the whole charge must be considered. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166). There is no contention that the charge included improper elements or comments or insinuations, only that it was error not to repeat the earlier charged portions. It is clear however, that the court may recharge as to some or all the points, in its discretion. *Creamer v. State,* 229 Ga. 704, 708 (4) (194 SE2d 73). In the absence of a request for an additional recharge, appellant is in no position to assert error. *Phillips v. State,* 142 Ga. App. 581, 582 (3) (236 SE2d 519). We find no merit in this enumeration.

4. In his fourth enumeration of error, appellant complains that the trial court erroneously admitted a pretrial statement in violation of his Miranda rights. He bases this on several alleged occurrences or omissions. We are not persuaded of the merit of these contentions.

There is no requirement for a statement to be voluntary that the arresting authorities advise the suspect that he may stop the

questioning at any time. *Montgomery v. State,* 241 Ga. 396, 397 (4) (245 SE2d 652). Moreover, where at an earlier confrontation between the state and a suspect, full and complete Miranda advice is given the suspect (which is fully supported in this transcript), it is not a requirement that the full Miranda warnings be repeated at each new confrontation. Rather it is sufficient if the first complete warnings thereafter are reinforced. *Anglin v. State,* 244 Ga. 1, 3 (2) (257 SE2d 513). See also *Barrett v. State,* 151 Ga. App. 160, 161 (259 SE2d 164). The transcript reflects that the warnings were reinforced several times. As to appellant's complaint that he exercised his right to remain silent when first apprehended and that any subsequent statement was a violation of the exercise of that right, the transcript simply does not sustain that contention. The transcript shows that at the time of arrest a conversation occurred but that it was not relevant to the crime charged. There is no indication that appellant declined to speak at all, but only that he did not give a statement. Lastly, appellant contends that he informed the interrogating officer at the police station that he needed medical attention for an unrelated bodily infirmity. It is contended that the interrogator conditioned the treatment upon Brownlee's cooperation. This contention was denied. This issue was presented to the trial court at the Jackson-Denno hearing and the issue of voluntariness decided against appellant. The trial judge's determination of voluntariness, fully supported by the evidence, is final and binding upon this court in the absence of an indication that the determination is clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *Gamarra v. State,* 142 Ga. App. 196, 197 (1) (235 SE2d 652). There is no such showing in this case. We find this enumeration in its totality to be without merit.

5. In his fifth enumeration, appellant complains that the trial court did not give a charge upon lesser included offenses in the language requested. Such refusal appellant contends denied the jury the right to select between the greater and lesser offenses but required the jury first to find the defendant not guilty of the greater offense before considering the lesser. We find no error in the charge given nor in the refusal to charge in the language requested. A new trial is not required where the charge as given covers substantially the same rules of law requested. *Blount v. State,* 147 Ga. App. 742 (250 SE2d 191). Moreover, the charge given properly informed the court that it should first consider the offense as charged, and if it had a reasonable doubt as to the offense charged, then it could consider the lesser offense. *Evans v. State,* 148 Ga. App. 422, 423 (251 SE2d 325). Only by such a procedure can justice be done to each party to the proceeding. There is no error in the charge of the court.

6. In his last enumeration of error, Brownlee postulates that the trial court erroneously admitted the coat hanger recovered from the car of one of the victims without a showing of chain of custody. This enumeration patently is without merit. In the first place, the coat hanger was peculiarly bent and as a unique item no chain of custody was required to be shown. *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891); *Hayes v. State,* 138 Ga. App. 223, 225 (225 SE2d 749). Moreover, the evidence shows that the coat hanger had been retained by the victim until the time of trial and had been brought to trial by him and was properly identified and accounted for before being offered into evidence. Thus, a chain of custody was established, even assuming that one had been required.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 8, 1980 — DECIDED
SEPTEMBER 26, 1980.

*Sharon A. Shade,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.

