## 64058. DAVIS v. THE STATE.

BANKE, Judge.

Willie Davis was convicted of two counts of selling marijuana to an undercover policeman. His sole enumeration of error on appeal concerns comments made by the state's attorney in closing argument to the jury. The argument was intended to refute the defendant's defense of alibi for the offense, which allegedly occurred on January 22, 1981, and upon which an indictment was returned in July of that year. The alibi witness testified that she first learned that the defendant was in trouble in October of 1981, the week of the trial. The state's attorney, apparently urging the incredibility of that testimony, argued that the defendant had access to information in the district attorney's file and had known the dates of the alleged offenses for quite some time, "ever since he got a copy of the indictment and told him what days he — he was charged selling the dope. He has known it ever since then. That was in July, I think the indictment reads." The defendant's attorney then objected stating, "That's not in the evidence . . . It was never told when I knew this, that, and the other. And . . . whether or not I've looked at the file is not in the evidence. And, I object to that." The trial court then ruled as follows: "Well, I think he can read the date . . . on the indictment. Of course, that's going to be out with the jury." *Held:*

There was no evidence before the jury concerning whether the defense attorney had access to the state's file and to this extent the comment was improper. See *Woodard v. State,* 91 Ga. App. 374 (5) (85 SE2d 723) (1955). " 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of the specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury. [Cits.]' " *Mobley v. State,* 158 Ga. App. 561 (2) (281 SE2d 268) (1981). The enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 6, 1982 —
REHEARING DENIED JULY 27, 1982.

*Elizabeth Gibbs, Russell M. Boston, Rick W. Griffin,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews,*

*Assistant District Attorney,* for appellee.