65046. HEARD v. THE STATE.

SHULMAN, Chief Judge.

This appeal is from appellant's conviction for burglary. He raises issues concerning the admissibility of his confession and the sufficiency of the evidence. We affirm.

1. While in jail after being arrested on the charge in this case, appellant was interviewed by a detective from a different county concerning a different crime. During that interview, appellant expressed interest in discussing the burglary for which he had been arrested. The detective to whom appellant expressed that interest then summoned a local police officer who took appellant's statement and testified about it at trial. That second officer was unsure at trial whether he had informed appellant of his Miranda rights during that interrogation. Appellant contends that the apparent failure to warn

him of those rights made his confession inadmissible. We disagree.

The evidence authorized the trial court to conclude that appellant was advised of his rights by the detective who began the interview and that the giving of the confession in question was part of a continuing interrogation. Under those circumstances, we conclude that appellant was sufficiently advised of his Miranda rights. See *Williams v. State,* 244 Ga. 485 (4b) (260 SE2d 879); *Barrett v. State,* 151 Ga. App. 160 (259 SE2d 164).

2. Appellant also contends that his confession was inadmissible because it was induced by hope of benefit in violation of OCGA § 24-3-50 (Code Ann. § 38-411). The benefit which appellant insists was an inducement to confess was a reduction in his bond. That argument fails for two reasons.

First, the officer who took appellant's statement testified that it was appellant who first raised the notion of a reduction of bail bond. That being so, appellant's hope of benefit was not induced by another and would not serve to render his confession inadmissible. *Dickey v. State,* 157 Ga. App. 13 (1) (276 SE2d 75).

Second, ". . . a hope of lighter punishment (induced by one other than the defendant) is usually the 'hope of benefit' to which [OCGA § 24-3-50, Code Ann. § 38-411] refers . . ." *Presnell v. State,* 241 Ga. 49 (5) (243 SE2d 496), revd. on other grounds, 439 U.S. 14 (99 SC 235, 58 LE2d 207). In this case the only benefit involved was a reduction of bond. We find that to be in the same class of collateral benefits as were the promises of a solitary cell, a psychiatric examination and communication to the judge of the defendant's cooperation in *Presnell.* See OCGA § 24-3-51 (Code Ann. § 38-412).

3. Appellant's final argument against the admission of his confession is that it was taken without the presence of his attorney even though one had been appointed for him and the police officers involved were aware that counsel had been appointed. This issue is controlled adversely to appellant by *Waddell v. State,* 160 Ga. App. 743 (2) (288 SE2d 90). There, as here, the defendant never specifically invoked his right to have counsel present during questioning even though he was repeatedly informed of his right to do so.

"The question of voluntariness in the instant case was properly entertained in the Jackson v. Denno hearing and after considering the totality of the circumstances, the trial court concluded that the [statement was] made freely and voluntarily even though made in the absence of appointed counsel. Under the facts and circumstances of this case, we do not find that determination to be clearly erroneous. [Cit.]" Id., p. 745.

4. Appellant's argument that the evidence is insufficient is

based on the correctness of his contention that his confession was inadmissible. Since we have ruled that the confession was admissible, appellant's argument must fail. We find that a rational trier of fact could have found from the evidence presented at trial that appellant was guilty beyond a reasonable doubt. *Powers v. State,* 161 Ga. App. 415 (1) (288 SE2d 680).

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 28, 1983.

*James P. Brown, Jr.,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.