65882. LEWIS v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals his conviction for rape of a five-year-old female. His appointed counsel filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). After careful consideration we denied this motion and directed counsel to file a brief addressed to the sole arguable issue presented by the facts of this case — whether the trial judge erred in finding that the victim was competent to testify. After a thorough perusal of the relevant authority, we find this case to be controlled by our recent decision in *Smallwood v. State,* 165 Ga. App. 473 (301 SE2d 670). Here, as in that case, the rule is applicable: "[w]here the trial judge examines a child as to its understanding of the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court." Accord, *Gordon v. State,* 186 Ga. 615 (198 SE 678). See *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520).

It should be further noted that after permitting the witness to testify the trial judge instructed the jury that the weight and credit to be given the child's testimony was for the jury. His instructions were:

"Members of the jury, I caution you at this time that this witness is of tender years, five years of age, and the weight and credit to be given this witness' testimony, a witness of such tender years is a matter within your discretion. Her veracity, her appreciation of the consequences of her statements are all matters for you to consider and determine in giving her testimony any weight and credit at all and in the final analysis it would be your decision as to what such weight and credit such testimony might be given, if any." See *Frasier v. State,* 143 Ga. 322 (5) (85 SE 124) wherein it was pointed out that after determination of competency by the trial judge, still the credibility of the witness is for the jury.

The evidence in this case was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt as required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 7, 1983.

*A. Frank Grimsley, Jr.,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.