## 65510. BRADFORD v. THE STATE.

CARLEY, Judge.

Appellant was indicted for four counts of armed robbery and two counts of aggravated assault. One of the counts of aggravated assault was severed for a separate trial. Appellant was then tried for and convicted of the remaining five counts. Appellant appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Appellant enumerates the general grounds. "Proof of the corpus delicti, accompanied by a free and voluntary confession, is sufficient evidence to support a conviction. [Cit.]" *Gray v. State,* 135 Ga. App. 253, 254 (217 SE2d 482) (1975). Appellant's confession was supported by direct evidence of the corpus delicti. There was also direct evidence of appellant's commission of the crimes charged. A rational trior of fact was authorized to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges that it was error to fail to grant his pre-trial motion to sever, for separate trials, each crime charged in the indictment. Appellant argues that although the five crimes for which he was tried were of the same general nature, they were committed at different times and places and involved different persons and that, therefore, severance was required. See *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975).

In the instant case, those counts of the indictment remaining, after the severance of the one single count of aggravated assault,

charged appellant and an accomplice with the armed robberies of four business establishments during business hours, all of which occurred over a six-week period. The remaining aggravated assault count concerned an exchange of gunfire with police officers during the flight of appellant and his accomplice from one of the armed robberies. In all of the armed robberies, an employee was held at gunpoint and the business' money was demanded. In three of the four establishments, the assailants also demanded money and jewelry from the customers. All four establishments are located in the Buckhead area of Fulton County.

"In the present case, the crimes charged were so similar as to evidence a common plan or scheme and revealed an identical modus operandi . . . [T]he offenses were not joined simply because they were similar." *Davis v. State,* 158 Ga. App. 549, 550 (281 SE2d 305) (1981). Where no abuse of discretion by the trial court is shown in the decision not to sever, this court will not substitute its own discretion in that regard. *Stephens v. State,* 144 Ga. App. 779, 780 (242 SE2d 371) (1978). We find no abuse in the exercise of the trial court's discretion and appellant's enumeration is accordingly without merit.

3. Appellant asserts that the trial court erred in admitting his confession into evidence. The trial court conducted a Jackson v. Denno hearing outside of the presence of the jury and determined that appellant's statement was freely and voluntarily given and was not induced by the slightest hope of benefit or remotest fear of injury. OCGA § 24-3-50 (Code Ann. § 38-411). Upon a review of the testimony adduced at the hearing, "[w]e cannot say that this ruling in favor of admissibility [was] erroneous." *Stidem v. State,* 246 Ga. 637, 639 (272 SE2d 338) (1980).

4. Appellant further asserts that the trial court erred in allowing into evidence certain portions of his confession in which he confessed to the commission of crimes other than those five for which he was being tried. The evidence shows that upon his release from prison appellant went on a "spree of crime." In his confession, appellant named six business establishments, in addition to the four described in the instant indictment, which appellant stated he had also robbed or attempted to rob. Appellant committed or attempted these other six robberies during approximately the same time period as the four which were at issue in the instant case. He also confessed that, immediately subsequent to one of the armed robberies for which he was being tried, he broke into a home and held the family hostage until he could obtain a vehicle in which to flee.

The admission into evidence of the entire confession was not error. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a

criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]'" *Ledford v. State,* 215 Ga. 799, 805 (113 SE2d 628) (1960). See also *Lee v. State,* 154 Ga. App. 562 (2) (269 SE2d 65) (1980).

It is of no consequence that one of the additional confessed crimes had been the subject of appellant's successful motion to sever. The evidence that appellant had committed separate offenses from those for which he was being tried was included within his own incriminating statement concerning the crimes for which he was being tried. The evidence was admissible on that basis regardless of whether or not the separate crimes to which he confessed would otherwise be admissible as exceptions to the "other transactions" rule. See *Burke v. State,* 248 Ga. 124, 125 (3) (281 SE2d 607) (1981).

Furthermore, although severance had been granted as to one of the confessed crimes, it appears that all of the crimes admitted in appellant's statement were committed in a similar fashion during the same "spree of crime" lasting approximately one and one-half months. "Evidence of similar independent crimes committed by a defendant is admissible if there is 'sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]' [Cit.] Evidence 'concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cit.]' [Cit.]" *Lee v. State,* 154 Ga. App. at 564, supra. See also *Campbell v. State,* 147 Ga. App. 554 (3) (249 SE2d 356) (1978). The trial court did not err in allowing appellant's entire confession to be read into evidence.

5. The court also allowed the state to call three witnesses who, over appellant's objection, were allowed to testify concerning crimes committed by appellant which were not included in the indictment. The evidence shows that, subsequent to robbing Houston's Restaurant, a crime for which appellant was tried and convicted in the instant case, the appellant fled and hid in the woods. The challenged testimony of three witnesses, all members of the same family, was to the effect that several hours after the robbery of Houston's, appellant broke into their home and held them hostage. The witnesses also testified that appellant had stated to them that he had just robbed a restaurant and needed to find a vehicle to get out of the area. The appellant then took the family's car.

"[E]vidence showing flight is not inadmissible because it tended at the same time to show the commission of other crimes." *Fulford v. State,* 221 Ga. 257, 259 (144 SE2d 370) (1965). This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1983.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Jerry W. Baxter, Assistant District Attorneys,* for appellee.