## 66965. EASTEP v. THE STATE.

Sognier, Judge.

Appellant was convicted of 10 counts of child molestation. On appeal he contends the trial court erred (1) by denying his motions for a directed verdict of acquittal of certain counts due to insufficiency of the evidence; (2) by ruling that a ten-year-old child was competent to testify; and (3) by denying his motions for a mistrial due to an outburst in the courtroom and prejudicial statements by the prosecutor in closing argument.

The evidence disclosed that over a period of time from June 1980 to February 1982 appellant molested three girls ranging in age from seven to nine. Appellant committed the various acts charged by touching or kissing the girls, exposing himself, and forcing one of them to commit indecent acts upon appellant. The incidents occurred while the girls were being cared for by appellant's wife at their home, although certain incidents occurred in appellant's car or at other locations. Appellant denied committing any of the alleged acts, and presented several witnesses attesting to his good character.

1. In regard to appellant's motions for a directed verdict of acquittal, a trial court must grant a motion for a directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt. *Lee v. State*, 247 Ga. 411, 413 (6) (276 SE2d 590) (1981). Appellant argues that because he presented defense evidence of alibi, and because there were certain conflicts or ambiguity in the testimony of one of the girls, it was error to deny his motions for a directed verdict as to certain counts of the indictment. The matters objected to, however, relate to the credibility of witnesses, and the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). Without going into the sordid details of this case, we have examined the entire transcript and find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motions for a directed verdict of acquittal.

2. Appellant contends it was error to declare a ten-year-old girl competent as a witness, because the witness was unaware of courtroom proceedings and the court's ability to punish a witness who gives false testimony. The witness here testified that she believed in God; she knew what it meant to tell the truth; it was bad to lie, and she would be punished if she did; and she would receive some punishment if she lied in court. She also understood that if she took an oath to tell the truth and did not do so, she would be punished by God.

Where the trial judge examines a child as to its understanding of the nature of an oath, as was done in the instant case, and determines the child is competent to testify, the court's discretion, absent manifest abuse, will not be interfered with by this court. *Smallwood v. State*, 165 Ga. App. 473, 474 (301 SE2d 670) (1983); *Lewis v. State*, 166 Ga. App. 254 (304 SE2d 100) (1983). The determining factor in deciding competency of a child witness is not age, but the child's ability to understand the nature of an oath. *Zilinmon v. State*, 234 Ga. 535, 537 (4) (216 SE2d 830) (1975). It is not necessary that the child be able to define the meaning of an oath, but that she know and appreciate the fact that as a witness she assumes a solid and binding obligation to tell the truth when questioned at trial. *Smallwood*, supra at 473-474. Applying these tests to the instant case, it is clear that the witness understood her obligation to tell the truth, and that she would be punished if she lied. Hence, the trial court did not abuse its discretion in finding the witness competent to testify.

3. a. Appellant contends it was error to deny his motion for a mistrial after his wife, during cross-examination of appellant, unexpectedly stood up and screamed: "You're telling a lie . . . I don't care. I don't care. He's lying up there."

Immediately upon making this outburst Mrs. Eastep was escorted out of the courtroom. Appellant completed his testimony in about one minute, the jury was excused for the night and a hearing was held on requests to charge. The following morning appellant moved for a mistrial based upon the outburst. He now contends, relying upon *Messer v. State*, 247 Ga. 316 (276 SE2d 15) (1981), that it was error to deny his motion for a mistrial because the trial court failed to stop the disturbance, failed to send the jury out of the room when the disturbance occurred, and failed to give curative instructions to the jury.

In *Messer* the court stated: "Measures to be taken as a result of demonstrations and outbursts which occur during . . . trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial. Where the trial court fails to act to stop a disturbance, or fails to instruct the jury to disregard it, and the demonstration will prevent the defendant from receiving a fair trial, the court must grant a new trial." Id. at 324 (6).

In the instant case, the court took immediate action to remove Mrs. Eastep from the courtroom. Appellant made no objection at the time of the disturbance and requested no curative instructions. The jury was excused for the night about one minute after the outburst. The following morning when appellant moved for a mistrial the court offered to give curative instructions and appellant declined the offer on the ground that he could think of no instruction that would be sufficiently curative. Thus, appellant cannot now complain that no curative instructions were given, as induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978). We find that the trial court complied with *Messer*, supra, which requires that the trial court stop the disturbance *or* give curative instructions, and there was no abuse of discretion in denying appellant's motion for a mistrial on the basis of the outburst by Mrs. Eastep.

b. During closing argument the prosecuting attorney stated: "Mr. Kadish [defense counsel] says that the State just hasn't produced enough evidence. Well, would three more children have been enough? . . .

"If the State hasn't presented enough evidence, where is the lack of it. As I said, would three more little girls coming in here saying he did it to me, too, would that be enough? Would ten?"

At the conclusion of the prosecuting attorney's closing argument appellant moved for a mistrial on the ground that the statements quoted above suggested that appellant had molested other children. The motion was denied and appellant contends denial of his motion was error. We do not agree.

An examination of the closing argument makes it clear that the prosecuting attorney was responding to appellant's argument that the state had not produced sufficient evidence to find appellant guilty by asking the rhetorical questions as to what *would* be sufficient evidence in this case. This is apparent from the prosecutor's following statement that *one* witness was sufficient to establish a fact in issue. The entire gist of this portion of the argument was that it is not the *number* of witnesses who testify to a fact, but the *credibility* of the witnesses who appear. We find no suggestion in the prosecutor's remarks indicating that appellant had molested other children. A trial court has broad discretion in ruling on motions for a mistrial, and this court will not disturb the trial court's ruling in the absence of a manifest abuse of discretion and a mistrial is essential to preserve the defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). We find no abuse of discretion here in denying appellant's motion for a mistrial.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1984 —
REHEARING DENIED MARCH 21, 1984 —

*Mark J. Kadish, Rosalyn Kadish, Rhonda A. Brofman,* for appellant.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.