70521. THOMAS v. THE STATE.
(334 SE2d 903)

BEASLEY, Judge.
A jury found Thomas guilty of child molestation and not guilty of enticing a child for indecent purposes. He appeals from the judgment of conviction and sentence.

1. In his first three enumerations of error, Thomas challenges the verdict upon the general grounds.

As to the general grounds, although the trial court has discretion to grant a new trial, we can only review the evidence to determine if there is any evidence to support the verdict. *Drake v. State*, 241 Ga.

---

583, 585 (247 SE2d 57) (1978), cert. denied, 440 U. S. 928 (99 SC 1265, 59 LE2d 485) (1979). Thomas maintains that there was insufficient evidence that the child molestation occurred within the statutory limitation for prosecution of the offense, and secondly that the testimony in support of the charge was "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could not convict" him.

Prosecution for felonies other than murder and other crimes punishable by death or life imprisonment must be commenced within four years after the commission of the crime. OCGA § 17-3-1. Child molestation is such a felony. See OCGA § 16-6-4.

The record contains testimony from various of the state's witnesses, including the young victim, which would lead a rational trier of fact to conclude that the offense occurred in the summer of 1983. In addition, appellant's own testimony at the trial, which commenced on November 28, 1983, showed that appellant became acquainted with the victim and her family when they moved into a house that had been built by Thomas approximately 100 feet from his trailer. He then stated: "I built that home about three years ago. . . ."

"In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." OCGA § 24-4-9. Thus the jury could find as fact that the incidents occurred within three years of November 1983, well within the four-year statutory period of life for prosecution. It is well settled that evidence of guilt is not restricted to the day mentioned in the indictment, but may extend to any day previous to the finding of the bill and within the statute of limitation for the prosecution of the offense. *Carpenter v. State*, 167 Ga. App. 634, 642 (307 SE2d 19) (1983), aff'd 252 Ga. 79 (310 SE2d 912) (1984).

With regard to appellant's challenge to the quality of the evidence, it is beyond dispute that the weight of evidence and credibility of witnesses are matters for the jury. OCGA § 24-9-80; *Harris v. State*, 155 Ga. App. 530 (271 SE2d 668) (1980). In determining whether there is any evidence to support the verdict, all conflict in the evidence must, at this stage, be resolved in favor of the verdict. *Drake v. State*, supra at 585 (1).

Our review of the evidence reveals that it was not only sufficient but ample to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Maddox v. State*, 170 Ga. App. 498, 499 (317 SE2d 617) (1984).

2. Appellant next maintains that the trial court erred in allowing the five-year-old victim to testify on the ground that she was incompetent to do so, because she did not know the significance of taking

an oath.

" '[T]he standard of intelligence required to qualify a child as a witness is not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he [is required] . . . to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished. . . .' [Cits.]." *Walls v. State*, 166 Ga. App. 503, 504 (304 SE2d 547) (1983).

Even though there was some inconsistency in the child's testimony, such inconsistency would not render her incompetent to testify. See *Sprayberry v. State*, 174 Ga. App. 574, 576 (1) (330 SE2d 731) (1985). The young girl testified that she knew she was promising to tell the truth, that she would tell "what really happened," and that a person who did not tell the truth was punished, i.e., "put in jail."

"It is within the sound discretion of the trial court to determine the competency of a child of tender years." *Walls v. State*, supra at 504. The trial court here was satisfied that the child understood she was required to tell the truth, that she had promised to tell the truth, and that she was subject to being punished for lying. We find no manifest abuse of discretion by the court's finding of competency. Id.

3. Appellant next enumerates as error the admission into evidence, over objection, of investigating officers' testimony concerning a statement made by appellant during an in-custody interrogation. Thomas claims that the statement was not voluntary, in violation of *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and subsequent cases.

Prior to the admission of the statement, the trial court conducted a full scale *Jackson v. Denno* hearing in which Thomas and the interrogating officers testified at great length about what transpired at the interview. Thomas testified that he had been given his *Miranda* rights, that he remembered signing a waiver form, and that he understood what the waiver form meant. He further testified that he had wanted a lawyer but could not remember at what point he indicated this to anyone in authority to act upon the alleged request. Thus his complaint on this point fizzles.

During the hearing, defense counsel argued that, in the interrogation, appellant was coaxed or cajoled into making his statement by being told that it would help the young girl, and that it was therefore involuntary because it was made with the hope of benefiting the victim. The court recessed the proceeding for the evening to give counsel opportunity to research and provide authority for this proposition.

After considering the totality of the circumstances, the trial court ruled that the statutory and constitutional protections had been afforded to Thomas, and that even though the court had seen clearer

cases of voluntariness, the jury should be allowed to consider the statement and whether or not it was freely, voluntarily, and knowingly given. In other words, the court found the threshold standard met.

Upon a review of the testimony adduced at the hearing, " '(w)e cannot say that this ruling in favor of admissibility [was] erroneous.' " *Bradford v. State*, 166 Ga. App. 584, 585 (305 SE2d 32) (1983); see also *Heard v. State*, 165 Ga. App. 252, 253 (300 SE2d 213) (1983); *Berry v. State*, 254 Ga. 101 (326 SE2d 748) (1985).

4. Appellant next contends that the court erred in admitting that part of his in-custody statement regarding the commission of other crimes without corroborating evidence of such other crimes. The record indicates that in the statement made to investigators, Thomas admitted episodes of sexual conduct for which he had not been indicted, but which involved the young victim in the instant case. The investigators testified that Thomas told them he had, among other things, shown the child lurid magazines, had the child watch him while he masturbated, and had watched the child do a suggestive nude dance.

Thomas' statements showed a course of conduct and bent of mind with regard to the child. Moreover, the defendant's contention, that there was no corroboration of this, is countered by the victim's testimony. While the child may not have described at trial each and every lurid episode earlier admitted to by the defendant, she related a number of the episodes constituting a pattern of criminal sexual behavior towards her.

Evidence of independent crimes is admissible if it is shown that the defendant was the perpetrator of the independent crimes, and there is sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter. Once the identity of the accused as perpetrator of the independent offenses is proven, testimony concerning the independent offenses may be admitted to show identity, motive, plan, scheme, bent of mind and course of conduct. *Bryant v. State*, 174 Ga. App. 522, 523 (3) (330 SE2d 743) (1985); *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Under these criteria, it was not error to admit Thomas' statements regarding other criminal acts against the victim for which he was not on trial.

Furthermore, the admission into evidence of the entire incriminating statement was not error inasmuch as it is not a valid ground of objection that part of it indicated that the accused had committed also another and separate offense. *Bradford v. State*, supra at 586.

5. Lastly, appellant asserts that the court erred in failing to charge the jury that it should not consider evidence of other crimes for any purpose unless it found that the other crimes were committed by him, and that an uncorroborated admission by an accused that he

has committed another crime is insufficient to prove the commission of any such other crime.

To begin with, the determination of the admissibility of the evidence of the other crimes was basically within the court's province. See Division 4, supra.

Defense counsel failed to submit any written request in this regard, and in fact, after inquiry from the court about a written request, responded, "No, sir, I don't have a written request on it."

"In all cases, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may present to the court *written* requests that it instruct the jury on the law as set forth therein." (Emphasis supplied.) OCGA § 5-5-24 (b). We have held that there is no error in the denial of a request to charge unless it is made in writing and submitted in accordance with the statutory requirements. See *Norman v. State*, 121 Ga. App. 753, 754 (175 SE2d 119) (1970), cert. denied, 401 U. S. 956 (91 SC 981, 28 LE2d 240) (1971). What is more, the record reveals that the court, in fact, charged the jury that Thomas was not on trial for any other offenses than those charged in the indictment, and that any evidence with reference to the other offenses was admitted solely for the limited purpose of their consideration in regard to illustrating Thomas' state of mind, bent, motive, etc., if they deemed the evidence to be so illustrative.

The court also clearly charged the jury that they, "should consider with great caution the evidence of any admission or incriminating statement" made by Thomas.

This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

Appellant contends the victim's father kept a barrel full of pornographic material and girlie magazines in his shop. He claims that the magazines he had were on loan and came from those in the barrel. It was pointed out further that the victim's mother brought about a banning or burning of the barrel of books.

Statements made to an investigator indicate that the magazines stimulated him and the children. "I asked him what brought all these occurrences on, and he mentioned the fact of some magazines." The children were thus expected and required to masturbate him in the shower and other places, and he rubbed his organs up against them until he reached a climax.

While concurring fully with the majority opinion, additional stress should be laid upon the connecting link of the magazines and the influence of the latter modus operandi on the commission of the

crime. *Howell v. State*, 172 Ga. App. 805 (324 SE2d 754) (1984); *Megar v. State*, 144 Ga. App. 564, 568 (241 SE2d 447) (1978).

DECIDED SEPTEMBER 10, 1985.

*William S. Hardman*, for appellant.

*Bruce L. Udolf, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.