## 73464. HEAD v. THE STATE.
### (350 SE2d 854)

Banke, Chief Judge.

The defendant was found guilty by a jury of aggravated child molestation. On this appeal, he contends that the trial court erred in admitting his pre-trial confession into evidence and in determining that the 5-year-old victim was competent to testify. *Held*:

1. The officer who obtained the confession testified that he had promised the defendant that if he (the defendant) were found guilty and needed psychiatric help, he could ask the court to "get him psychiatric help," and the court would do so. The officer said he had also told the defendant that he would inform jail personnel that the defendant needed medical attention for his swollen ankle. Based on this

testimony, the defendant contends that his confession was not voluntary within the meaning of OCGA § 24-3-50, because it was induced by "hope of benefit."

"Pursuant to [OCGA § 24-3-51] a confession made on promise of 'collateral benefit' is not inadmissible. . . . [A] hope of lighter punishment (induced by one other than the defendant) is usually the 'hope of benefit' to which [OCGA § 24-3-50] refers (cit.). . . . [A]greeing to the defendant's request to put him in a cell by himself, to seek a psychiatric examination, and to tell the judge of his cooperation, [does] not constitute the kind of 'hope of benefit' which is contemplated by [OCGA § 24-3-50]." *Presnell v. State*, 241 Ga. 49, 55 (5) (243 SE2d 496) (1978). See also *Heard v. State*, 165 Ga. App. 252 (2) (300 SE2d 213) (1983). It has also been held that an unconditional promise to provide medical attention will not invalidate a subsequent confession. See *Jarrell v. State*, 234 Ga. 410 (7) (216 SE2d 258) (1975).

2. The trial court did not err in finding the 5-year-old victim competent to testify. Although not all of the child's answers were completely responsive, his testimony concerning the day-to-day aspects of his life and his answers to questions concerning the events for which the defendant was on trial were clear and unambiguous. It was also established that the child understood the nature of an oath, that he knew the difference between the truth and a lie, and that it is wrong to tell a lie. "Where the trial judge examines a child as to its understanding of the nature of an oath, as was done in the instant case, and determines the child is competent to testify, the court's discretion, absent manifest abuse, will not be interfered with by this court." *Eastep v. State*, 170 Ga. App. 401, 402 (2) (317 SE2d 259) (1985). No abuse of discretion has been established in this case. Accord *Thomas v. State*, 175 Ga. App. 873 (2) (334 SE2d 903) (1985); *Busby v. State*, 174 Ga. App. 536 (2) (330 SE2d 765) (1985).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 19, 1986.

*Rickie L. Brown*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.