## 75340. HUGGINS v. THE STATE.

(362 SE2d 120)

DEEN, Presiding Judge.

Appellant Lane Huggins was indicted on two counts of aggravated child molestation, one involving his nine-year-old daughter and the other, his nine-year-old niece. He was acquitted of the charge of molesting the niece, but convicted of molesting the daughter. His motion for new trial on the general grounds was denied, and he appeals to this court, enumerating as error the trial court's holding the nine-year-old daughter competent to testify and its ruling that there was sufficient competent evidence to authorize a verdict of "guilty." *Held*:

Our examination of the entire record, and especially of the trial transcript, persuades us that there is no merit in either of appellant's enumerations. A careful reading of the nine-year-old victim's testimony as a whole, and of the qualifying dialogue between the court and the child in particular, reveals that she knew the difference between truth and falsehood and understood the meaning of an oath, once the latter word was defined for her in terms with which she was familiar. Her answers to questions regarding her everyday life and regarding the events for which defendant was on trial were clear and unambiguous. Determination of the competency of witnesses is a matter within the trial court's discretion, and that discretion will not be disturbed absent manifest abuse. *Head v. State*, 180 Ga. App. 901 (350 SE2d 854) (1986); *Eastep v. State*, 170 Ga. App. 401 (317 SE2d 259) (1984). We find no abuse of discretion in the instant case.

There was testimony that, during the period when the alleged molestations occurred, the children had examined magazines containing explicit sexual material, such magazines belonging to appellant's brother, who at the time lived next door. There was further testimony that the discovery of the children's having looked at this material initiated the conversation between the victim and her mother which led to disclosure of the alleged acts of molestation. While one child indicated the magazines were shown to them by appellant's brother, others testified they had opened a desk drawer and found them. As to the sufficiency of the evidence, the record reveals that, in addition to the testimony of the daughter, there was corroborating testimony sufficient to authorize a rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 15, 1987.

*James W. Milam, Rickie L. Brown*, for appellant.

*Jack O. Partain III, District Attorney, Lee R. Taylor, Assistant District Attorney*, for appellee.