## 75448. BENTON v. THE STATE.
(362 SE2d 421)

DEEN, Presiding Judge.

Jeffrey Benton was found guilty of one count of child molestation

and two counts of aggravated child molestation. He appeals from the denial of his motion for new trial.

1. Appellant contends that the trial court erred in allowing the jury to disperse without cautionary or other appropriate instructions in regard to not speaking to others or among themselves about the case. Under OCGA § 15-12-142 (a), the judge may allow the jury to separate and be dispersed in any noncapital criminal case "under appropriate instructions." While no pretrial jury instructions appear in the transcript of the trial record in this case, it is indicated by the judge's statement to the jury at the first recess, to "[k]eep in mind the instructions that the Court gave you about discussing the case with anyone," that such instructions were in fact given. Violation of the statute or the possibility of unauthorized contact or communication involving a juror does not automatically demand that the appellant be granted a new trial. *Legare v. State*, 243 Ga. 744 (11) (257 SE2d 247) (1979); cert. den. 444 U. S. 984 (100 SC 491, 62 LE2d 413) (1979). The record discloses no objection to the trial court's instructions in this matter, and it is not alleged that any was made. Nor does appellant assert that any contact which related to the case was made among the jurors or between a juror and a third person so as to show that any harm occurred. Therefore, any error in the trial court's instructions was rendered harmless. Cf. *Perault v. State*, 162 Ga. App. 294 (1) (291 SE2d 122) (1982).

2. Appellant urges error in the trial court's failure to properly exercise its discretion in ruling on the competency of one of the minor witness-victims, an eight-year-old girl. Although not all of this child's answers were completely responsive as to actual dates, her testimony was entirely consistent with that of the other two victims. Her "answers to questions concerning the events for which the defendant was on trial were clear and unambiguous. It was also established that the child understood the nature of an oath, that [she] knew the difference between the truth and a lie, and that it is wrong to tell a lie. 'Where the trial judge examines a child as to its understanding of the nature of an oath, as was done in the instant case, and determines the child is competent to testify, the court's discretion, absent manifest abuse, will not be interfered with by this court.' [Cit.] No abuse of discretion has been established in this case. [Cits.]" *Head v. State*, 180 Ga. App. 901, 902 (2) (350 SE2d 854) (1986).

3. Appellant asserts that he was denied his right to a fair trial because of inflammatory and prejudicial remarks made by the prosecutor during his closing argument. The particular statement complained of was that of the three brothers who participated in the events for which appellant was being tried, the other two had been "convicted of their involvement" in juvenile court proceedings. Conceding that no contemporaneous objection was made, appellant ar-

gues that this remark was nevertheless so grossly improper that he should be granted a new trial because any curative instructions would have been of no value. We do not agree.

Review of the trial transcript reveals that defense counsel in his closing argument twice made reference to the participation of appellant's two younger brothers in the crimes of which he was accused. When the prosecutor presented his closing argument he referred to defense counsel's "having told you there were three people involved in this series of events," that their cases "were handled in Juvenile Court, and as Jack [defense counsel] says, they've been convicted of their involvement." Although the evidence of record is replete with testimony regarding the participation of the two younger brothers, there was no evidence as to the disposition of any charges against them. However, if defense counsel did not make the statement attributed to him, it was incumbent upon him to object at that time, and seek rebuke of the prosecutor and clarifying instructions from the trial court, if desired, under OCGA § 17-8-75. "Notwithstanding the expansive language of this code section, 'it has been held that, unless the court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time in a motion for new trial.' [Cit.]" *Hudson v. State*, 250 Ga. 479, 484 (4) (299 SE2d 531) (1983). Accord *Cantwell v. State*, 153 Ga. App. 717 (1) (266 SE2d 354) (1980); *Davis v. State*, 163 Ga. App. 255 (293 SE2d 74) (1982). "That the jury has been prejudiced by evidence or argument does not alone substantiate a contention of error. It must also be shown that the evidence or argument was improperly placed before the jury. This enumeration of error is without merit." *Goldsmith v. State*, 148 Ga. App. 786, 790 (10) (252 SE2d 657) (1979).

4. Appellant's enumeration concerning the impropriety of allowing the mothers of the child witnesses to stand next to them during the children's testimony cannot be sustained. None of the mothers testified as witnesses and therefore were not subject to the rule of sequestration. The trial court also called appellant's sister, the mother of one of appellant's witnesses, to stand by this young child during his testimony. This was done for all the children to assuage their nervousness. Appellant cannot condone for his own witness what he objects to for the prosecution; moreover, it was not shown how the presence of the mothers served to prejudice or inflame the jury in any way, as alleged. We find no grounds for reversal.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 20, 1987 —
REHEARING DENIED NOVEMBER 2, 1987 —

*John R. Calhoun,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney,* for appellee.