## S95A0777. WATTS v. THE STATE.
### (463 SE2d 696)

SEARS, Justice.

Appellant Dwayne Watts appeals his conviction for felony murder and aggravated assault. We affirm.

The facts proved at trial show that Watts forcibly entered an apartment where the victim, Derek Wright, was residing, and threw a beer bottle at Wright, hitting him in the head. Thereafter, Watts and Wright began to fight, and Watts stabbed Wright with a knife. Watts then left the apartment, only to return moments later to kick Wright several times while he lay on the floor, bleeding. Wright later died.[1]

1. Having reviewed the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Watts guilty beyond a reasonable doubt of felony murder and aggravated assault.[2]

2. Watts claims that the trial court erred in not ordering a continuance of the trial. Watts claims that he wanted to dismiss his court-appointed counsel, and had attempted to retain a private attorney to represent him. Watts argues that the trial court's failure to order a continuance effectively forced him to trial without the benefit of counsel of his choice, in violation of his Sixth Amendment rights under the United States Constitution, and his rights under Article I of the Georgia Constitution. Our review of the record reveals not only that no objection was made to the trial court's failure to order a continuance, but also that no motion for a continuance was ever made before the trial court. Consequently, this issue is procedurally barred.[3]

3. Watts claims that the trial court erred in allowing the six-year-old son of the victim, who witnessed the murder, to testify. Watts argues that the child did not understand the nature of the oath, and did not knowingly and voluntarily testify. Our review of the record reveals that there was no objection to the child's testimony interposed at the time of such testimony. Consequently, Watts has waived any objection to such testimony.[4]

---

[1] The murder occurred on September 10, 1993, and Watts was indicted on December 6, 1993. The trial was held on April 26, 1994, and the jury found Watts guilty of felony murder and aggravated assault. Because the aggravated assault was the underlying felony for the felony murder conviction, the trial court merged the two convictions, and sentenced Watts to life imprisonment for felony murder. The trial court's sentencing order was filed on May 6, 1994. Watts filed a motion for a new trial on June 3, 1994, which was denied on December 8, 1994. Watts timely filed a notice of appeal to this Court on January 6, 1995. The appeal was docketed in this Court on February 9, 1995, and submitted for decision without oral argument on April 3, 1995.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Ford v. State*, 256 Ga. 375, 379 (349 SE2d 361) (1986).

[4] Id. Furthermore, while we need not reach this determination, our review of the transcript of the child's testimony leads us to conclude that while the child was nervous, he was

4. We have examined Watts' other enumerations, and find them to be without merit.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*J. Robert Morgan,* for appellant.

*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., W. Franklin Aspinwall, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.

---

competent to testify. See, e.g., *Lewis v. State,* 166 Ga. App. 254 (304 SE2d 100) (1983).

[5] These include claims that: (1) the trial court erred in limiting the cross-examination of a doctor witness regarding a blood analysis of the victim; (2) the trial court erred in allowing the State to use demonstrative evidence; and (3) Watts received ineffective assistance of trial counsel. See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

