A98A1156. WILLIAMSON v. THE STATE.
(507 SE2d 765)

MCMURRAY, Presiding Judge.

Defendant Williamson appeals his conviction of four counts of child molestation. *Held:*

1. Defendant maintains that his convictions should be reversed because of the ineffectiveness of trial counsel. "In order to show he was denied the constitutional right to counsel, [defendant] must show that his trial counsel's actions fell below 'an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. (Cits.)' *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993)." *Sorrells v. State*, 267 Ga. 236, 241 (9) (476 SE2d 571). The record shows that the issue of ineffective assistance of trial counsel was raised in a timely fashion in the motion for new trial filed by defendant's appellate counsel and that the motion for new trial was denied after a hearing. However, no transcript of the hearing on the motion for new trial has been included in the record on appeal. Under these circumstances, we must assume that defendant failed to meet his burden of proving the ineffectiveness of his trial counsel and that the trial court correctly denied the motion for new trial on that ground. Id.

2. Defendant contends the trial court erred in allowing the victim's grandmother to bolster the testimony of the nine-year-old victim by standing behind the victim while the victim testified. Prior decisions have recognized a broad discretion on the part of the trial court in controlling the trial of a case, have allowed a great deal of latitude in the examination of young, timid, or otherwise disadvantaged witnesses, and have generally found no abuse of discretion in permitting a familiar person to sit or stand near a young witness

during their testimony. *Davis v. State*, 204 Ga. App. 657, 658 (5) (420 SE2d 349); *Boatright v. State*, 192 Ga. App. 112, 114 (5) (385 SE2d 298); *Benton v. State*, 184 Ga. App. 684, 686 (4) (362 SE2d 421). In this instance, the grandmother was also a witness in the case and the trial court resolved any sequestration issues by requiring the grandmother to testify first.

The case sub judice adds a further issue in that during the cross-examination of the victim, defendant's trial counsel raised a contention of misconduct on the part of the grandmother. The grandmother had been instructed to make no comment or statement during the testimony of the victim. Nonetheless, defendant's trial attorney stated in his place that in response to a question the grandmother shook her head and whispered "no" to the victim, who then answered "no" to the pending question. The victim denied hearing her grandmother tell her the answer to the question. And the trial court noted on the record that it was seated three feet from the grandmother and had heard no comment. The position of the grandmother was changed before cross-examination resumed and no further remedial action was requested by defendant's trial counsel. We see no reason that any contended misconduct on the part of the grandmother should affect our review of the trial court's exercise of discretion to accommodate the young witness, particularly since there is no issue raised on appeal as to the sufficiency of the remedial action taken by the trial court. Under these circumstances, we find no abuse of discretion in permitting the grandmother to stand near the victim as the victim testified.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 21, 1998 —
RECONSIDERATION DENIED OCTOBER 7, 1998.

*Robert H. Baer, Adam S. Poppell*, for appellant.
*Dupont K. Cheney, District Attorney, John T. Durden, Jr., Assistant District Attorney*, for appellee.